UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| BENYOUNES SERHIR, | : | CASE NO. 20-71913-JWC |
| | : | |
| Debtor. | : | |
| | : | |

**MOTION FOR ORDER AUTHORIZING SETTLEMENT BETWEEN TRUSTEE AND PLAZA HOME MORTGAGE, INC. UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Benyounes Serhir ("**Debtor**"), by and through the undersigned counsel, and files his *Motion for Order Authorizing Settlement between Trustee and Plaza Home Mortgage, Inc. under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**"). In support of the Settlement Motion, Trustee respectfully shows the Bankruptcy Court as follows:

**Jurisdiction and Venue**

1. This Bankruptcy Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought in this Settlement Motion is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

**Background**

*a. General Background*

2. On November 19, 2020 (the "**Petition Date**"), Debtor filed a voluntary petition

17387720v1

for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 20-71913-JWC (the "**Bankruptcy Case**" or "**Case**").

3. On the Petition Date, Debtor owned that certain real property commonly known as 706 Sweet Spice Way, Canton, Cherokee County, Georgia 30114 (the "**Property**") jointly with Souad Oulalite.

4. On or about May 26, 2016, Debtor and Souad Oulalite executed a *Security Deed* (the "**Plaza Security Deed**") in favor of Mortgage Electronic Registration Systems, Inc. ("**MERS**") as nominee for Plaza Home Mortgage, Inc. ("**Plaza**"), conveying the Property to secure a debt (the "**Plaza Debt**") in the amount of $181,649.00.

5. The Security Deed was recorded on the real property records with the Clerk of the Superior Court of Cherokee County, State of Georgia (the "**Real Estate Records**") on June 1, 2016, beginning at page 340 of Deed Book 13867.

6. On January 8, 2021, Trustee filed a complaint (the "**Complaint**") against, among other parties, Plaza and Pennymac Loan Services, LLC ("**Pennymac**") and initiated the adversary proceeding styled as *Hays v. Plaza Home Mortgage, Inc., et al.* (Adv. Pro. No. 20-5003-JWC) (the "**Adversary Proceeding**"), in which Trustee has asserted, among other things, that any transfer (the "**Transfer**") arising out of the Plaza Security Deed is avoidable and recoverable by Trustee for the benefit of the Bankruptcy Estate, under 11 U.S.C. §§ 544, 550, and 551 (the "**Avoidance Issues**").

7. Plaza and Pennymac contest Trustee's claims related to the avoidability and recoverability of the Transfer.

17387720v1

*b. Filed Claims*

8. The claims bar date in this case for governmental entities was May 18, 2021, and for non-governmental entities it was April 6, 2021. The total of the timely filed, non-priority, general unsecured claims is $22,624.02.

**The Proposed Settlement**

9. Following negotiations, Trustee and Plaza[1] (collectively, the "**Parties**") reached an agreement (the "**Settlement Agreement**") to resolve the Avoidance Issues raised by Trustee, subject to Bankruptcy Court approval. A copy of the Settlement Agreement is attached as Exhibit "A" to this Settlement Motion and is incorporated herein by reference. Significant terms of the Settlement Agreement follow:[2]

   a. Within 30 days of the Settlement Approval Order becoming final and upon receipt of a W-9 for the Bankruptcy Estate, Plaza shall pay or cause to be paid to Trustee $40,000.00 in good funds (the "**Settlement Funds**") in one lump sum payment by delivering a check to Trustee in the amount of $40,000.00 made payable to "S. Gregory Hays, Trustee (Serhir)."[3]

   b. Effective upon Trustee's receiving the $40,000.00 Settlement Funds in good funds and the Settlement Approval Order becoming a final order, and except for the rights, duties, and obligations created or preserved under the Settlement Agreement, Trustee releases, acquits, and forever discharges Plaza from any and all Claims (as defined in Section 9 of the Settlement Agreement) of any kind, character, or nature whatsoever, known or unknown, fixed or contingent, that Trustee may have or claim to have against Plaza prior to the Effective Date.

---

[1] For reasons unknown to Trustee, Pennymac is not a party to the proposed Settlement Agreement. However, if the Court approves the Settlement Agreement, Trustee will dismiss with prejudice the claims against both Plaza and Pennymac raised in the Adversary Proceeding.

[2] The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement shall control.

[3] Capitalized terms not otherwise defined in this Settlement Motion shall have the meanings ascribed to them in the Settlement Agreement.

17387720v1

    c. Effective upon the Settlement Approval Order becoming a final order, and except for the rights, duties, and obligations created or preserved under the Settlement Agreement, Plaza releases, acquits, and forever discharges Trustee and the Bankruptcy Estate and each and every past and present agent, servant, employee, representative and attorney of Trustee or the Bankruptcy Estate from any and all Claims (as defined in Section 9 of the Settlement Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that Plaza may have or claim to have against Trustee or the Bankruptcy Estate prior to the Effective Date.

    d. Effective upon the Settlement Approval Order becoming a final order, the Plaza Security Deed shall be deemed properly perfected, and Plaza and any of its successors in interest are permitted to take any and all actions that they deem necessary or appropriate to perfect the perfection of the Plaza Security Deed.

    e. The Parties stipulate and agree that Plaza and its successors in interest shall not have a claim as an unsecured creditor in the Bankruptcy Case against the Bankruptcy Estate for or on account of payment of all or any portion of the $40,000.00 Settlement Funds, or for any reason, and that neither Plaza, any of its successors, nor any of their affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate.

    f. Within ten (10) business days of the later of: (a) the Settlement Approval Order becoming a final order, or (b) Trustee's receiving the Settlement Funds, Trustee and Plaza shall file a stipulation, or other appropriate paper, dismissing with prejudice the claims raised by Trustee against Plaza and Pennymac in the Adversary Proceeding.

## Relief Requested

10. By this Settlement Motion, Trustee requests that the Bankruptcy Court approve the Settlement Agreement between the Parties.

## Basis for Relief

11. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice*

17387720v1

*Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> > (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).[4]

12. The proposed settlement between the Parties is the product of arms' length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

13. Given the potential expense of litigating the claims raised by Trustee and the contingent nature of the same, in the event that the claims that are proposed to be settled are instead prosecuted, the amount of time that such litigation will require, the delay before the final outcome is known (including the time necessary for any potential appeals), and the complexity and uncertain resolution of factual and legal disputes, settlement on the terms described in the

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

5

17387720v1

Settlement Agreement is a proper exercise of the Trustee's business judgment and in the best interests of the Bankruptcy Estate.

14. Trustee estimates that the proposed Settlement Agreement will allow him to make a meaningful distribution to holders of timely filed, non-priority, general unsecured claims. In fact, Trustee estimates that the proposed Settlement Agreement will allow him to make a similar (if not better) distribution to holders of non-priority, general unsecured claims as he would make after litigating the Adversary Proceeding to a judgment in favor of the Bankruptcy Estate (because of the Section 502(h) claim that would dilute the unsecured creditor pool), and it will allow him to make the distribution much sooner than he would if he were to litigate the Adversary Proceeding to a favorable judgment and then, likely, be required to liquidate the Property. And, finally, it allows Trustee to avoid the risks associated with such litigation, and it allows Debtor to keep her home.

15. Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee urges that this Bankruptcy Court approve the Settlement Agreement.

WHEREFORE, Trustee respectfully requests that the Bankruptcy Court enter an Order (i) granting this Settlement Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Settlement Agreement; and (iii) granting to the parties such other and further relief that the Court deems just and appropriate.

Respectfully submitted, this 17th day of November, 2021.

> ARNALL GOLDEN GREGORY LLP
> *Attorneys for Trustee*
>
> By: */s/ Michael J. Bargar*
>     Michael J. Bargar
>     Georgia Bar No. 645709
>     michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
(404) 873-8500

17387720v1

# EXHIBIT "A" FOLLOWS

17387720v1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") dated as of Nov 16, 2021 (the "**Effective Date**"), is entered between S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Benyounes Serhir ("**Debtor**"); and Plaza Home Mortgage, Inc. ("**Plaza**").

### Background

1. On November 19, 2020 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 20-71913-JWC (the "**Bankruptcy Case**").

2. On the Petition Date, Debtor owned that certain real property commonly known as 706 Sweet Spice Way, Canton, Cherokee County, Georgia 30114 (the "**Property**") jointly with Souad Oulalite.

3. On or about May 26, 2016, Debtor and Souad Oulalite executed a *Security Deed* (the "**Plaza Security Deed**") in favor of Mortgage Electronic Registration Systems, Inc. ("**MERS**") as nominee for Plaza, conveying the Property to secure a debt (the "**Plaza Debt**") in the amount of $181,649.00.

4. The Security Deed was recorded on the real property records with the Clerk of the Superior Court of Cherokee County, State of Georgia (the "**Real Estate Records**") on June 1, 2016, beginning at page 340 of Deed Book 13867.

5. On January 8, 2021, Trustee filed a complaint (the "**Complaint**") against, among other parties, Plaza and Pennymac Loan Services, LLC ("**Pennymac**") and initiated the adversary proceeding styled as *Hays v. Plaza Home Mortgage, Inc., et al.* (Adv. Pro. No. 20-5003-JWC) (the "**Adversary Proceeding**"), in which Trustee has asserted, among other things, that any transfer (the "**Transfer**") arising out of the Plaza Security Deed is avoidable and recoverable by Trustee for the benefit of the Bankruptcy Estate, under 11 U.S.C. §§ 544, 550, and 551 (the "**Avoidance Issues**").

6. Plaza and Pennymac contest Trustee's claims related to the avoidability and recoverability of the Transfer.

7. Following negotiations, Trustee and Plaza (collectively, the "**Parties**") reached an agreement to resolve the Avoidance Issues raised by Trustee, subject to Bankruptcy Court approval.

Accordingly, the Parties agree as follows:

17286325v1

1. **Background.** The recitations in the above background section are incorporated into this Agreement as if set forth fully herein.

2. **Resolution of the Avoidance Issues.** Subject to approval of this Agreement by the Bankruptcy Court, following notice and the opportunity for a hearing, the Parties agree to resolve the claims and disputes between them as follows:

    2.1. *Approval of Proposed Settlement.* Within five (5) business days after execution of this Agreement by each of the Parties, Trustee shall prepare and file the necessary pleadings, including, but not limited to, a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Settlement Approval Motion**"), seeking entry of an order by the Bankruptcy Court approving the compromise and settlement contemplated herein ("**Settlement Approval Order**").

    2.2. *Payment of Settlement Funds by Plaza to Trustee.* Within 30 days of the Settlement Approval Order becoming final and upon receipt of a W-9 for the Bankruptcy Estate, Plaza shall pay or cause to be paid to Trustee $40,000.00 in good funds (the "**Settlement Funds**") in one lump sum payment by delivering a check to Trustee in the amount of $40,000.00 made payable to "S. Gregory Hays, Trustee (Serhir)" addressed as follows:

    S. Gregory Hays
    Hays Financial Consulting, LLC
    Suite 555
    2964 Peachtree Road
    Atlanta, GA 30305

    For the purposes of this Agreement, the Settlement Approval Order becomes final when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

    2.3. *Release by Trustee of Plaza.* Effective upon Trustee's receiving the $40,000.00 Settlement Funds in good funds and the Settlement Approval Order becoming a final order, and except for the rights, duties, and obligations created or preserved under this Agreement, Trustee releases, acquits, and forever discharges Plaza from any and all Claims (as defined in Section 9 of this Agreement) of any kind, character, or nature whatsoever, known or unknown, fixed or contingent, that Trustee may have or claim to have against Plaza prior to the Effective Date.

    2.4. *Release by Plaza of Trustee and the Bankruptcy Estate.* Effective upon the Settlement Approval Order becoming a final order, and except for the rights, duties,

and obligations created or preserved under this Agreement, Plaza releases, acquits, and forever discharges Trustee and the Bankruptcy Estate and each and every past and present agent, servant, employee, representative and attorney of Trustee or the Bankruptcy Estate from any and all Claims (as defined in Section 9 of this Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that Plaza may have or claim to have against Trustee or the Bankruptcy Estate prior to the Effective Date.

2.5. *The Plaza Security Deed Shall be Deemed Properly Perfected.* Effective upon the Settlement Approval Order becoming a final order, the Plaza Security Deed shall be deemed properly perfected, and Plaza and any of its successors in interest are permitted to take any and all actions that they deem necessary or appropriate to perfect the perfection of the Plaza Security Deed.

2.6. *No Claim Against the Bankruptcy Estate.* The Parties stipulate and agree that Plaza shall not have a claim as an unsecured creditor in the Bankruptcy Case against the Bankruptcy Estate for or on account of payment of all or any portion of the $40,000.00 Settlement Funds, or for any reason, and that neither Plaza, any of its successors, nor any of their affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate.

2.7. *Dismissal of Claims against Plaza and Pennymac in the Adversary Proceeding.* Within ten (10) business days of the later of: (a) the Settlement Approval Order becoming a final order, or (b) Trustee's receiving the Settlement Funds, Trustee and Plaza shall file a stipulation, or other appropriate paper, dismissing with prejudice the claims raised by Trustee against Plaza and Pennymac in the Adversary Proceeding.

3. **No Admissions.** The Parties acknowledge and agree that this Agreement is being executed and delivered as part of the compromise and settlement of disputed claims and is expressly contingent upon and subject to the approval of the Bankruptcy Court. The Parties further acknowledge and agree that this Agreement will not and may not be used or construed as an admission of any liability or responsibility to any party or to any other persons.

4. **Entire Agreement; Modification.** The Parties agree that there are no other agreements, oral or written, between or among them relating to any matters covered by this Agreement and that this Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein. The Parties further agree that this Agreement may not be altered, amended, or modified in any respect or particular whatsoever, except by a writing duly executed by Trustee and Plaza and that any material amendment is subject to Bankruptcy Court approval.

5. **Voluntary Execution of Agreement.** The Parties hereby mutually acknowledge and represent and warrant that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know, and understand completely the contents hereof, and that they have voluntarily executed the

17286325v1

same. The Parties further mutually acknowledge and represent and warrant that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against either Trustee or Plaza but rather shall be given fair and reasonable interpretation based on the plain language of this Agreement and the expressed intent of the Parties.

6. **Authority of Parties.** The persons executing this Agreement represent and warrant that they have the legal and institutional authority to do so on behalf of the person or legal entity for which they are signing.

7. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Parties. Counterparts of this Agreement also may be exchanged via electronic transmission such as facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

8. **No Assignment or Transfer of Released Claims.** Each Party represents and warrants that as of the date of the execution of this Agreement, it is the true and lawful owner of all right, title and interest in and to each and every Claim that will be released pursuant to this Agreement, and that it has not assigned or transferred or purported to assign or transfer, to any person, firm, corporation, association or any entity whatsoever, all or any part of the Claims.

9. **Definition of Claims.** The term "Claims" means all claims or causes of action that were asserted or could have been brought as of the Effective Date by or on behalf of any Party to this Agreement, either directly or indirectly, in respect of, in relation to, or in connection with the Bankruptcy Case or the Adversary Proceeding.

10. **Bankruptcy Court Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over the Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issue relating to or concerning this Agreement. An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court which shall retain jurisdiction over the subject matter and the Parties for this purpose.

11. **Georgia Law Applicable.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

12. **Severability.** If any provision of this Agreement is illegal or unenforceable, that provision is severed from this Agreement and the other provisions remain in force; provided, however, that the payment of the Settlement Funds to Trustee required by Section 2.2 of this Agreement is central to the Agreement and may not be severed or stricken from the Agreement.

17286325v1

13. **Notices.** Any notices by Parties provided for or permitted under this Agreement, or by law, shall be in writing and shall be deemed received: (a) when personally delivered to a party, on the date of such delivery; or (b) when sent via electronic mail to a party at the electronic mail address set forth below, on the date of transmission, provided that the transmitting Party has no reasonable belief that the electronic mail was not delivered; or (c) when deposited in the United States Mail, certified and postage prepaid, addressed to such party at the address set forth below, three (3) days following the deposit of such notice in the mail. Notices shall be sent to the parties as follows

   13.1. *If to Trustee*:

   > Michael J. Bargar
   > Arnall Golden Gregory LLP
   > 171 17th Street, NW, Suite 2100
   > Atlanta, GA 30363
   > michael.bargar@agg.com (electronic mail)

   13.2. *If to Plaza*:

   > Monika V. Scott
   > Fidelity National Law Group
   > 4170 Ashford Dunwoody Road, Suite 475
   > Atlanta, GA 30319
   > monika.scott@fnf.com (electronic mail)

   The address to which notices are to be sent may be changed by any party by providing notice of the new address as provided herein.

14. **Restoration.** In the event that the Bankruptcy Court denies approval of this Agreement, then, and in that event, unless otherwise agreed by the Parties in writing, this Agreement shall terminate and be null and void and have no further force or effect and the Parties shall be restored to their respective factual and legal positions which existed immediately prior to execution of this Agreement.

15. **Parties to Bear Own Costs.** Except as otherwise stated in this Agreement, each Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the Effective Date.

**TRUSTEE**

_____
S. Gregory Hays, as and only as
Chapter 7 Trustee for the bankruptcy estate of
Benyounes Serhir (Case No. 20-71913-JWC)

Dated: 11-16, 2021

**PLAZA HOME MORTGAGE, INC.**

By: _____
Name:  Michael R. Fontaine
Title:  COO and Co-President

Dated: 11·12·2021

17286325v1

## CERTIFICATE OF SERVICE

This is to certify that I, Michael J. Bargar, am over the age of 18 and that I have this day served a true and correct copy of the foregoing *Motion for Order Authorizing Settlement between Trustee and Plaza Home Mortgage, Inc. under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class United States mail on the following persons or entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Charles M. Clapp
Law Offices of Charles Clapp, LLC
5 Concourse Parkway NE
Suite 3000
Atlanta, GA 30328

Benyounes Serhir
706 Sweet Spice Way
Canton, GA 30114

Monika V. Scott
Fidelity National Law Group
4170 Ashford Dunwoody Road, Suite 475
Atlanta, GA 30319

Elizabeth Campbell
Locke Lord LLP
Terminus 200, Suite 1200
3333 Piedmont Road, NE
Atlanta, GA 30305

Andres H. Sandoval
United States Attorney's Office
Suite 600
75 Ted Turner Drive SW
Atlanta, GA 30303

17387720v1

This 17th day of November, 2021.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

17387720v1