**IT IS ORDERED as set forth below:**

**Date: December 13, 2021**

_____

**Jeffery W. Cavender**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| BENYOUNES SERHIR, | : | CASE NO. 20-71913-JWC |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER APPROVING SETTLEMENT AGREEMENT UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

On November 17, 2021, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Benyounes Serhir ("**Debtor**"), filed a *Motion for Order Authorizing Settlement between Trustee and Plaza Home Mortgage, Inc. under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 29] (the "**Motion**") and related papers with the Court, seeking an order, among other things, approving a settlement agreement (the "**Settlement Agreement**") between Trustee and Plaza Home Mortgage, Inc. ("**Plaza**" and with Trustee, the "**Parties**") related to certain improved real property with a common address of 706 Sweet Spice Way, Canton, Cherokee County, Georgia 30114 and the alleged security

17488104v1

interest in the same. More specifically, under the terms of the Settlement Agreement, *inter alia*,[1] within 30 days of this Order[2] becoming final, Plaza shall cause to be paid to Trustee $40,000.00 (the "**Settlement Funds**") in one lump sum payment by delivering an official check to Trustee in the amount of $40,000.00 made payable as follows: "S. Gregory Hays, Trustee (Serhir)." In addition, effective upon this Order becoming a final order, the Plaza Security Deed shall be deemed properly perfected, and Plaza and any of its successors in interest are permitted to take any and all actions that they deem necessary or appropriate to perfect the perfection of the Plaza Security Deed. Additionally, the Parties stipulate and agree that Plaza and its successors in interest shall not have a claim as an unsecured creditor in the Bankruptcy Case against the Bankruptcy Estate for or on account of payment of all or any portion of the $40,000.00 Settlement Funds, or for any reason, and that neither Plaza, any of its successors, nor any of their affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate. And, within ten (10) business days of the later of: (a) this Order becoming a final order, or (b) Trustee's receiving the Settlement Funds, Trustee and Plaza shall file a stipulation, or other appropriate paper, dismissing with prejudice the claims raised by Trustee against Plaza and Pennymac in the Adversary Proceeding. Finally, Trustee, on the one hand, and Plaza, on the other hand, grant broad releases to one another. The complete terms of the Settlement Agreement are set forth in Exhibit "A" to the Motion.

---

[1] The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

[2] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

17488104v1

On November 18, 2021, Trustee filed a notice of hearing [Doc. No. 30] (the "**Notice**") regarding the Motion setting it for hearing on December 16, 2021 (the "**Hearing**").  Counsel for Trustee certifies that he served the Notice on all requisite parties in interest.  [Doc. No. 31].

The Notice provided notice of the opportunity to object and for hearing pursuant to the procedures in General Order No. 24-2018.  No objection to the Motion was filed prior to the objection deadline provided in the Notice.

The Court having considered the Motion and all other matters of record, including the lack of objection to the relief requested in the Motion, and, based on the forgoing, finding that no further notice or hearing is necessary; and, the Court having found that good cause exists to grant the relief requested in the Motion, it is hereby

**ORDERED** that the Motion is **GRANTED**: the Settlement Agreement is approved and its terms are incorporated herein.  It is further

**ORDERED** that Trustee and Plaza may take any other actions necessary to effectuate the terms of the Settlement Agreement.  It is further

**ORDERED** that this Court retains jurisdiction to (i) interpret, implement, and enforce this Order, (ii) resolve any disputes regarding or concerning the Settlement Agreement, and (iii) enter such other and further orders as may be necessary, just, or proper as an aid to enforcement or implementation of this Order.

**[END OF DOCUMENT]**

**Order prepared and presented by**:

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:/s/ *Michael J. Bargar*
　　Michael J. Bargar
　　Georgia Bar No. 645709
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363
Telephone: (404) 873-7030
Email: michael.bargar@agg.com

**Identification of entities to be served:**

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Charles M. Clapp
Law Offices of Charles Clapp, LLC
5 Concourse Parkway NE
Suite 3000
Atlanta, GA 30328

Benyounes Serhir
706 Sweet Spice Way
Canton, GA 30114

Monika V. Scott
Fidelity National Law Group
4170 Ashford Dunwoody Road, Suite 475
Atlanta, GA 30319

17488104v1

Elizabeth Campbell
Locke Lord LLP
Terminus 200, Suite 1200
3333 Piedmont Road, NE
Atlanta, GA 30305

Andres H. Sandoval
United States Attorney's Office
Suite 600
75 Ted Turner Drive SW
Atlanta, GA 30303

Michael J. Bargar
Arnall Golden Gregory LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363

17488104v1